**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DIECE-LISA INDUSTRIES, INC., *Plaintiff*, vs. DISNEY STORE USA, LLC and DISNEY SHOPPING, INC., *Defendants*. | § § § § § § § § | Case No. 2:12-CV-400-RWS-RSP Lead Case |
| DIECE-LISA INDUSTRIES, INC., *Plaintiff*, vs. DISNEY ENTERPRISES, INC. and DISNEY CONSUMER PRODUCTS, INC., *Defendants*. | § § § § § § § | Case No. 2:14-CV-70-RWS-RSP |

**REPORT AND RECOMMENDATIONS**

Before the Court are Plaintiff's Motions for Summary Judgment on Knowledge and Protectability (Dkt. Nos. 60 and 62 in 2:12-cv-400), Defendants' No Evidence Motion for Summary Judgment (Dkt. No. 66 in 2:12-cv-400), and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 21 in 2:14-cv-70).

**I.   Motions for Summary Judgment**

Plaintiff Diece-Lisa Industries, Inc. ("Diece-Lisa") moves for summary judgment on knowledge and protectability. Defendants Disney Store USA, LLC and Disney Shopping, Inc. ("Disney") move for summary judgment on likelihood of confusion and injury, arguing a lack of evidence produced by Plaintiff.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the

nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

    A. *Plaintiff's Motions for Summary Judgment*

Plaintiff first moves for summary judgment on the question of whether Defendants had actual or imputed knowledge of the mark as of late 2007. (Dkt. No. 60 at 1.) In doing so,

Plaintiff asks the Court to grant summary judgment in its favor on hotly disputed questions of fact. Defendants provide a substantive defense that calls the merits of Plaintiff's claims into question, but the Court observes that the most salient question presented is whether a material question of fact exists with regard to actual (or imputed) knowledge. Here, such a material question of fact does exist. Thus, Plaintiff's request for summary judgment on the issue of knowledge cannot prevail.

Similarly, Plaintiff moves for summary judgment on the question of protectability of its trademark. (Dkt. No. 62 at 1.) While the validity of a mark is a question of law, both parties appear to recognize that – in this case, at least – the question of validity turns on a number of factual issues, including whether Diece-Lisa has abandoned the mark and the degree to which the mark describes the functionality of the products at issue. The record as it stands does not suggest that summary judgment is appropriate on this issue.

### B. *Defendants' Motion for Summary Judgment*

Defendants also move for summary judgment based on their allegation that Plaintiff has no evidence to show likelihood of confusion or injury. (Dkt. No. 66 at 1.) Neither party disputes that the likelihood of confusion prong of trademark infringement is a question of fact that is almost always left to the jury to decide. The Court observes that since the filing of the instant motion, the case posture has changed and discovery has reopened. But notwithstanding that point, Plaintiff produced a substantial amount of evidence on this point, including the similarity of products and marks, the purchaser identities, the type of mark in question, Disney's alleged knowledge of the marks, and various other factors that all constitute evidence upon which a reasonable jury could rely. (*See, e.g.*, Dkt. No. 72 at 14-23.) Upon being presented with this evidence, Defendants reply that Plaintiff has failed to rebut Defendants' arguments that the

prongs of likelihood of confusion weigh in favor of Defendants. But this is a different question than was initially presented. The record clearly shows that Plaintiff has sufficient evidence to overcome Defendants' motion for summary judgment on the issue of likelihood of confusion.

Similarly, Defendants' brief attempt to show Plaintiff's alleged lack of evidence to show injury fails. Plaintiff need not provide specific evidence of particular lost sales in every instance. Disney's own use of the marks in commerce (and presumed profit from that use) may serve as prima facie evidence of injury. Plaintiff has provided evidence – albeit circumstantial – of injury. Thus, summary judgment on this point is not warranted.

## II. Motion to Dismiss

Disney Enterprises, Inc. ("DEI") and Disney Consumer Products, Inc. ("DCP") move to dismiss based on alleged lack of personal jurisdiction and improper venue.

Absent a controlling federal statute, a plaintiff may establish personal jurisdiction under Texas's long-arm statute when that exercise of personal jurisdiction comports with Due Process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998); *see also* Fed. R. Civ. P. 4 (k)(1)(a).

The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston*, 523 F.3d at 609.

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied in order for a court to exercise personal jurisdiction over the defendant. *Id.*

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists when a nonresident defendant's contacts with the forum state are "substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years" up to the date the lawsuit was filed, and are to be reviewed in total rather than in isolation from one another. *Id.* at 610. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine (1) whether "the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," and (2) whether "the controversy arises out of or is related to the defendant's conduct with the forum state." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The fact that a Texas plaintiff suffered some harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the

specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudenspreung*, 379 F.3d at 343. Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudenspreung*, 379 F.3d at 343. In making a fundamental fairness determination, the Court must consider: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

Additionally, a party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. Fed. R. Civ. P. 12(b)(3). A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)).

Here, the motion to dismiss is premised on a number of factual disputes, including the extent of DEI and DCP's involvement in activities within this district. DEI relies on its contention that it is solely a licensee, and is not involved in its parent corporation's activities in

this forum. But it stands uncontroverted in the record that the very marks that DEI purports to license are used substantially within this district. Similarly, there is no dispute that DCP conducts business in Texas and has Texas employees. Both parties do not appear to draw the distinction in the public eye that they are entirely separate and distinct from their parent company (or, for that matter, other Disney subsidiaries). The record contains facts that reasonably suggest that personal jurisdiction and venue may be proper here. This is not to say that plaintiff has proven personal jurisdiction by a preponderance of the evidence, but merely that when the legitimate factual disputes outlined in the briefing are construed in the light most favorable to the non-movant (here, Diece-Lisa), a prima facie case of personal jurisdiction exists. Similarly, DEI and DCP have not shown that venue is improper.

The Court also notes that its ruling does not extend to the full limits argued by Plaintiff. Specifically, Plaintiff seems to highlight its request for consolidation as a basis for finding personal jurisdiction. (*See* Resp. at 3, 11-12.) Since the close of briefing on the instant motion, the Court granted Plaintiff's request to consolidate. However, the Court does not now find that mere consolidation can serve as a basis for finding personal jurisdiction. Put differently, the fact that the above-captioned cases have been consolidated does not excuse Plaintiff from its burden of showing personal jurisdiction as to each named defendant, and while that evidence may often overlap, Plaintiff will be obligated meet that burden as to each targeted Disney entity in order to sustain its claims.

this forum. But it stands uncontroverted in the record that the very marks that DEI purports to license are used substantially within this district. Similarly, there is no dispute that DCP conducts business in Texas and has Texas employees. Both parties do not appear to draw the distinction in the public eye that they are entirely separate and distinct from their parent company (or, for that matter, other Disney subsidiaries). The record contains facts that reasonably suggest that personal jurisdiction and venue may be proper here. This is not to say that plaintiff has proven personal jurisdiction by a preponderance of the evidence, but merely that when the legitimate factual disputes outlined in the briefing are construed in the light most favorable to the non-movant (here, Diece-Lisa), a prima facie case of personal jurisdiction exists. Similarly, DEI and DCP have not shown that venue is improper.

The Court also notes that its ruling does not extend to the full limits argued by Plaintiff. Specifically, Plaintiff seems to highlight its request for consolidation as a basis for finding personal jurisdiction. (*See* Resp. at 3, 11-12.) Since the close of briefing on the instant motion, the Court granted Plaintiff's request to consolidate. However, the Court does not now find that mere consolidation can serve as a basis for finding personal jurisdiction. Put differently, the fact that the above-captioned cases have been consolidated does not excuse Plaintiff from its burden of showing personal jurisdiction as to each named defendant, and while that evidence may often overlap, Plaintiff will be obligated meet that burden as to each targeted Disney entity in order to sustain its claims.

## CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** the following:

- Plaintiff's Motion for Summary Judgment on Knowledge (Dkt. No. 60 in 2:12-cv-400) be **DENIED**;

- Plaintiff's Motion for Summary Judgment on Protectability (Dkt. No. 62 in 2:12-cv-400) be **DENIED**;

- Defendants' No Evidence Motion for Summary Judgment (Dkt. No. 66 in 2:12-cv-400) be **DENIED**; and

- Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 21 in 2:14-cv-70) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report by March 25, 2015 after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 11th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE