IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIECE-LISA INDUSTRIES, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-cv-00400-RWS-RSP |
| | § | |
| DISNEY STORE USA, LLC ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Magistrate Judge's Report and Recommendation stated that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue should be denied. (Dkt. No. 159.) Before the Court is an objection to the Report and Recommendation from Defendants Disney Enterprises ("DEI") and Disney Consumer Products ("DCP"). (Doc. No. 167.)

Defendants object to the Report and Recommendation and assert they have shown (1) Plaintiff did not make a prima facie showing that DEI was subject to personal jurisdiction in Texas; (2) Plaintiff did not make a prima facie showing that DCP is subject to personal jurisdiction in Texas; and (3) venue is not proper in the Eastern District of Texas "[b]ecause neither DCI nor DCP is subject to personal jurisdiction in Texas." (Doc. No. 167, at 7.)

These assertions boil down to one premise: that under Federal Circuit precedent, a non-exclusive "licens[e] [to] third parties to make and sell *Toy Story 3* merchandise throughout the country does not support specific jurisdiction in Texas." (Doc. No. 167, at 5, 6 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361–62 (Fed. Cir. 1998)).)

After reviewing the objected to portions of the Report and Recommendation de novo, the Court finds that the Report and Recommendation should be **ADOPTED**. The Court rejects Defendants' arguments: first, because the undisputed facts do not show that specific personal jurisdiction is improper; and second, Defendants have not cited controlling authority which holds that licensor is per se not subject to specific personal jurisdiction in Texas based off the actions of a non-exclusive licensee. Accordingly, Defendants' Rule 12(b)(1) Motion to Dismiss Based on Lack of Jurisdiction (Dkt. No. 26) is hereby **DENIED**.

**SIGNED this 29th day of September, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE