IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIECE-LISA INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-cv-00400-RWS-RSP |
| | § | (Lead Case) |
| DISNEY STORE USA, LLC ET AL., | § | Case No. 2:14-cv-00070-RWS-RSP |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Currently before the Court are Defendants' motions to dismiss or transfer venue. The Court previously granted Plaintiff's Motion for Leave to File Third Amended Complaint Adding Parties (Dkt. No. 149) because Rule 15 of the Federal Rules of Civil Procedure requires "district courts [to] [] entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *see also McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir. 1977), *modified in reh'g on other grounds* 545 F.2d 919 (5th Cir. 1977) (finding that Rule 15 "takes precedence" over Rule 21 when an adding parties in an amended complaint). Plaintiff's Third Amended Complaint added ten parties to this litigation: Buena Vista Home Entertainment, Inc.; Walt Disney Studios Motion Pictures; Buena Vista Theatrical Group, Ltd.; Disney Interactive Studios, Inc.; Disney Licensed Publishing – Disney Book Group, LLC; Walt Disney Records; Disney Destinations, LLC; Walt Disney Parks & Resorts U.S., Inc.; Magical Cruise Co., Ltd.; and Magic Kingdom, Inc. (the New Parties).

Rule 15 evinces a bias in favor of granting leave to amend, *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002), but the district court may deny a party leave to amend its pleadings for "a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Mayeaux*, 376 F.3d at 425. In *Mayeaux*, for example, the Fifth Circuit affirmed a district court's denial of leave to amend because the new complaint fundamentally altered the nature of a case that "had been pending in the district court for years and was nearing the close of extensive discovery." *Mayeaux*, 376 F.3d at 427.

The Third Amended Complaint changed the nature of this case. (*See* Dkt. No. 143 at 7 ("Up until now Plaintiff has alleged only that the use of these names ostensibly ***as marks on merchandise***—teddy bears and other toys infringes its "Lots of Hugs" trademark for hugging puppets. Plaintiff's proposed amendment, however, would transform this case from one about words allegedly used as source-identifiers for merchandise into one challenging the right of artists to name fictional characters *in motion pictures, videos, live performance, music, and other First Amendment-protected artistic expression.*").  Recent proceedings have made clear that the added claims bear less connection to the original claims than the Court originally perceived. Even Plaintiff's recent papers have made this evident to the Court. (*See* Dkt. No. 192 at 3 ("Although no case law was found directly on point."); Dkt. No. 192 at 4 ("Because of the somewhat *sui generis* circumstances of this case, no case law on point was discovered.").)

The Defendants have raised serious issues of personal jurisdiction and venue that the Court finds are not adequately addressed by the "unified entity" theory advanced by Plaintiff. Even though the factual issues are examined through a *prima facie* prism, the Court has serious

doubts about the factual underpinnings for that theory, and also finds inadequate support in the jurisprudence.

Further, an extensive discovery period is closing. (Dkt. No. 157.) Nonetheless, Plaintiff continues to request discovery from Defendants including from the New Parties. For example, on October 27, 2015, Plaintiff moved to compel production of revenue information from Walt Disney Parks & Resorts (Dkt. No. 192 at 2–3) and production of revenue projections for many Toy Story 3 related products (Dkt. No. 192 at 4–6). An amendment to the pleadings that was expected to bring before the Court all parties necessary to an efficient resolution of the dispute, has instead resulted in needless complication and delay.

The Court holds that it improvidently granted Plaintiff's Motion for Leave to Amend, and it therefore, VACATES the Order. (Dkt. No. 149.)

The result of this Order is four-fold. First, the New Parties are no longer Defendants in this litigation. Second, Defendants' Motion to Dismiss (Dkt. No. 162) is **MOOT** as to Rule 12(b)(3) because Defendants do not dispute that DSU and DSI, independently, are subject to specific personal jurisdiction in Texas. (*See* Dkt. No. 162 at 14 ("*All* of the 12 new defendants contest personal jurisdiction in Texas.").) In any event, the case against DSU and DSI has been pending in this Court since at-least January 2014 (Dkt. No. 46), and neither Defendant raised venue as an issue until over one year later, in March 2015 (Dkt. No. 162). Third, Defendants' Motion to Dismiss (Dkt. No. 161) is **MOOT** because that motion was denied as to the Second Amended Complaint on September 29, 2015. (Dkt. No. 188; Dkt. No. 159 at 4–8.) Fourth, Defendant's Motion to Dismiss (Dkt. No. 164) is **MOOT** because the New Parties are no longer Defendants in this litigation. Finally, Defendants' Motion to Transfer Venue Under 28 U.S.C. §

1404(a) (Dkt. No. 165.) is DENIED without prejudice to refiling as appropriate by any remaining parties should they have a good faith basis to do so.

**SIGNED this 9th day of December, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE